```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------x
DR. GIORGIO SCAPPINI, Individually      :
and On Behalf of All Others Similarly    :
Situated,                                :       04 Civ. 9788 (TPG)
                                         :
                     Plaintiff,          :
                                         :       **OPINION**
           -against-                     :
                                         :
THE REPUBLIC OF ARGENTINA,               :
                                         :
                     Defendant.          :
-----------------------------------------------x
```

Plaintiff Renato De Paolis Guidacci is the beneficial owner of certain bond indebtedness issued by defendant, the Republic of Argentina, on which the Republic defaulted in December 2001.  On March 1, 2007, the court certified this action as a class action, with plaintiff as the class representative, on behalf of all holders of the beneficial interests in an Argentine bond.  Plaintiff has moved as class representative for partial summary judgment to establish the Republic's liability to the class of holders of beneficial interests that plaintiff represents.  The Republic opposes this application.

The motion for partial summary judgment is granted.

## Background

The bond indebtedness at issue is governed by a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA").  The 1994 FAA is the same agreement that governed the bond indebtedness on which this court granted summary judgment to the plaintiffs in Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804, 2003 WL 1878420, at *1 (S.D.N.Y. Apr. 14, 2003).  Section 22 of the 1994 FAA states that the Republic waives

1

sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York.  The 1994 FAA also provides that the Republic's obligations on the bonds are unconditional and that failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default.  A declaration by the Republic of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well.  Paragraph 12 of the 1994 FAA provides for acceleration of principal if there is a failure to pay interest or a moratorium. If either of these events occurs,

> each holder of Securities of such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately . . . .

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic.  The court refers to its previous opinions for a description of the circumstances of these defaults.  Lightwater, 2003 WL 1878420, at *2; Applestein v. Province of Buenos Aires, No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003).

On March 1, 2007, the court certified a class action on behalf of all current holders of beneficial interests in a global bond[1] issued by the Republic with an interest rate of 8 1/8%, payable annually, ISIN No.

---

[1] The court notes the distinction between bonds and beneficial interests.  In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds."  The Republic actually issues "a bond" to a depository.  The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers.  These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest.  This distinction is discussed more fully in Million Air Corp. v. Republic of Arg., No. 04 Civ. 1048, 2005 WL 2656126, at *1-2 (S.D.N.Y. Oct. 17, 2005).

2

XS0086333472, maturing on April 21, 2008 (the "8 1/8 Bond").  The bond that is the subject of this action, and the amount of beneficial interest owned by plaintiff Guidacci, is listed in the following table:

| Plaintiff Bond Holder or Beneficial Owner: | Renato De Paolis Guidacci |
|---|---|
| Face Value: | €750,000,000 |
| ISIN No.: | ISIN XS0086333472 |
| Date Of Issuance: | Not provided. |
| Date Of Maturity: | April 21, 2008 |
| Interest Rate/Payable: | 8 1/8% |
| Date Of Purchase: | February 2000 |
| Contract Documents: | FAA dated as of October 19, 1994 |
| Evidence of Ownership Proffered: | Account Statements from UBI Banca Popolare di Bergamo dated June 10, 2010 and Guidacci Declarations |

## **Discussion**

Plaintiff moves for partial summary judgment to establish the Republic's liability as to all class members.  Plaintiff does not seek a monetary judgment at this time.  Partial summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Republic's liability to current holders of beneficial interests in the bonds on which it defaulted has been sufficiently adjudicated in prior cases and cannot be disputed in this case.  See Lightwater, 2003 WL 1878420, at *1; Applestein, 2003 WL 1990206, at *1.

3

The Republic does not dispute its liability.  Nevertheless, the Republic argues that a liability-only summary judgment order serves no purpose.  The Republic urges the court to deny the motion because the issues of whether each plaintiff has continuously owned its bond for the entire class period, and the damages to which each holder is entitled, are the only issues in dispute in these cases and cannot be resolved by this motion.  As support for this assertion, the Republic refers to the court to <u>H.W. Urban GmbH v. Republic of Argentina</u>, No. 02 Civ. 5699 (TPG), 2006 WL 587333, at *1 (S.D.N.Y. Mar. 9, 2006), a case where this court previously granted partial summary judgment on these same issues.  In <u>Urban</u>, the Republic states that no claims process has taken place and the amount of damages to the class members has not yet been ascertained five years after the entry of summary judgment on liability.

Although each class member will have to present proof of beneficial ownership as of the time of the judgment and the amount of damages, this can be determined in later proceedings.  Merely because the plaintiffs in <u>Urban</u> have not yet determined claims process and damages is no reason to avoid partial summary judgment in this action.  Thus, it is proper in this class action to grant partial summary judgment as to liability to the class.

## **Conclusion**

For the foregoing reasons, the motion for partial summary judgment to establish the Republic's liability as to all class members is granted.

SO ORDERED.

Dated:   New York, New York
         August 10, 2011

_____
THOMAS P. GRIESA
U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/11
```